## 57 NEW YORK SUPPLEMENT
### and 91 New York State Reporter.

COLWELL LEAD CO., Respondent, v. STONE, Appellant. (Supreme Court, Appellate Division, First Department. March 24, 1899.) Action by the Colwell Lead Company against William L. Stone, Jr. W. L. Stone, for appellant. A. E. Pressinger, for respondent. No opinion. Judgment affirmed, with costs.

CONNERS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 22, 1899.) Action by William Conners against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur, except ADAMS, J., dissenting.

CONVERSE v. SHARPE et al. (Supreme Court, Appellate Division, First Department. April 21, 1899.) Action by Edmund C. Converse against Severyn B. Sharpe and others. No opinion. Motion granted. See 55 N. Y. Supp. 1080.

CORIO. Plaintiff, v. FARMERS' LOAN & TRUST CO., Defendant. (Supreme Court, Appellate Division, First Department. April 21, 1899.) Action by George Corio against the Farmers' Loan & Trust Company, as administrator. W. J. Hardy, for plaintiff. D. McClure, for defendant. No opinion. Exceptions overruled, and judgment ordered dismissing complaint, with costs.

CORMACK v. McNEIL. (Supreme Court, Appellate Division, First Department. April 14, 1899.) Action by John A. Cormack against Donald McNeil. No opinion. Motion granted, with $10 costs.

CORN EXCH. BANK, Respondent, v. MARCKWALD, Appellant. (Supreme Court, Appellate Division, First Department. February 24, 1899.) Action by the Corn Exchange Bank against Freeman D. Marckwald. H. Van Sinderen, for appellant. L. G. Reed, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re COSTIGAN. (Supreme Court, Appellate Division, Second Department. April 18, 1899.) In the matter of the application of George P. Costigan, Jr., for admission to the bar. No opinion. Application granted.

COWELL, Respondent, v. BLOCK et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 14, 1899.) Action by Vernette Cowell against Lucien D. Block and others. No opinion. Judgment and order affirmed, with costs. All concur, except CULLEN and BARTLETT, JJ., dissenting.

COYLE v. WARD et al. (Supreme Court, Appellate Division, First Department. February 17, 1899.) Action by Ellen M. A. Coyle against William D. Ward and another. No opinion. Motion denied, with $10 costs. See 55 N. Y. Supp. 388.

CRISSEY, Respondent, v. DURLAND et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 24, 1899.) Action by Martha A. Crissey against De Witt C. Durland and another, as administrators, etc., of John T. Johnson, deceased. No opinion. Interlocutory judgment affirmed, with costs, with leave to defendants to withdraw demurrer and serve answer within 20 days, on payment of the costs of the demurrer and of this appeal.

CURRY, Respondent, v. WIBORN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 22, 1899.) Action by Mary Curry against Gershom Wiborn and John W. Wiborn. From a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial made on the minutes, defendants appeal. Walter S. Hubbell, for appellants. P. Chamberlain, for respondent.

PER CURIAM. Affirmed.

FOLLETT, J. (dissenting). This action was begun September 4, 1894, to recover damages for an alleged assault upon the plaintiff by the defendants. I am unable to concur in the recommendation for affirmance of this judgment, for the reason that all of the letters written by the plaintiff should have been received in evidence, as they show beyond question that the plaintiff, instead of being grievously injured and in poor health and spirits, was during the year 1894 constantly seeking the society of her lover, and they contain no intimation that she was suffering from physical injuries. It is alleged that the assault was committed April 11, 1894. The plaintiff testified that she was 26 years of age July 27, 1897, and that since the alleged assault had been employed by various persons, but was unable to earn her accustomed wages, by reason of her injuries, the effect of which, she testified, continued to the date of the trial. She also testified that January 30, 1897, she gave birth to an illegitimate child, and was then living with a man who was not her husband. April 15, 1894, four days after the alleged assault, she wrote a letter to her lover, in which she made no reference to having been injured by the defendants. August 12, 1894, she wrote her a lover a letter, from which it is apparent that she was an abandoned woman, and was seeking and enjoying the society of men, and made no complaint that she was suffering from physical injuries. These letters and others of like character were continued until November 7, 1894, and in none of them is there any complaint that she was suffering from injuries, but, on the contrary, the whole tenor and effect of them are that she was in good health. The court erred in rejecting these letters, because they were relevant and important upon the question of damages, both actual and punitive. The letter of November 7, 1894, and the earlier letters, show that during that year the plaintiff was engaged in activities which were entirely inconsistent with her testimony that during that time she was suffering pain from physical injuries. These letters were competent, as bearing upon her credibility, and upon the question of the seriousness of

her alleged physical injuries. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.